UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN P. SOOS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:04CV1819 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed December 30, 2004. (Doc. No. 1). The matter is fully briefed and ready for disposition.

Movant Stephen Soos ("Movant") was charged by Indictment with one count of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1). (Indictment (4:03CR509 JCH, Doc. No. 1)). On October 23, 2003, Movant entered a plea of guilty to Count 1 of the Indictment, pursuant to a Plea Agreement, Guidelines Recommendations and Stipulation of Facts Relative to Sentencing. (Change of Plea Proceeding (4:03CR509 JCH, Doc. Nos. 24, 26)). On January 9, 2004, this Court increased Movant's base offense level by four levels pursuant to United States Sentencing Guidelines Section 2K2.1(b)(5). The Court then sentenced Movant to 30 months imprisonment, followed by two years supervised release. (Judgment (4:03CR509 JCH, Doc. No. 29)). Movant did not appeal his conviction or sentence, and so the conviction became final on January 19, 2004, ten days after the entry of judgment. See Fed. R. App. P. 4(b)(1)(A).

On December 30, 2004, Movant filed the instant § 2255 Motion. In his motion, Movant claims the procedure employed in computing his offense level, whereby his sentencing range was increased predicated on facts neither admitted by him nor proved to a jury beyond a reasonable doubt,

violated the Sixth Amendment. (§ 2255 Motion, P. 4). To support his assertion, Movant relies on the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), issued June 24, 2004. (Id.).

In United States v. Stoltz, the Eighth Circuit considered whether Blakely v. Washington applies retroactively on collateral review of a conviction or sentence. United States v. Stoltz, 149 Fed.Appx. 567, 568 (8th Cir. 2005), cert. denied, 126 S.Ct. 1589 (2006). The Eighth Circuit concluded Blakely cannot be applied retroactively. Id. at 568-69. Since Blakely does not apply retroactively, Movant is not entitled to the ruling he seeks, and so his § 2255 Motion must be denied. See Gutierrez v. United States, 2006 WL 1069439 (8th Cir. Apr. 24, 2006).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claim is **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 18th day of May, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE